Case No. 23-6075

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

CHARLES CARROLL,

      Plaintiff – Appellant,

v.

IDEMIA IDENTITY AND SECURITY USA, LLC,

      Defendant–Appellee.

_____

On Appeal from the United States District Court
for the Middle District of Tennessee (Case No. 3:21-CV-00800)
The Honorable Aleta Trauger

_____

**APPELLANT'S REPLY BRIEF**

_____

Heather Moore Collins
Ashley Shoemaker Walter
HMC CIVIL RIGHTS LAW, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027


*Counsel for Appellant*

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………….. 2

ARGUMENT ............................................................................................... 3

    I.    IDEMIA WAS NOT ENTITLED TO SUMMARY JUDGMENT……………………………………………………….. 3

        A. Evidence of Pretext Demonstrated Idemia Violated the ADA and ADEA………………………………………………… 3

        B. The Honest Belief Rule Was Not Applicable…………………. 7

CONCLUSION .................................................................................................. 10

CERTIFICATE OF COMPLIANCE...................................................... 12

ADDENDUM………………………………………………………………. 13

CERTIFICATE OF SERVICE.......................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*Amos v. McNairy Cnty.*, 622 F. App'x 529, 540 (6th Cir. 2015)…………..9

*Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 286 (6th Cir. 2012)...........8

*EEOC v. HP Pelzer Auto. Sys., Inc.*, No. 1:17-CV-31-TAV-CHS, 2020 WL 996453, at *6 (E.D. Tenn. Mar. 2, 2020) …………………...............5

*EEOC v. HP Pelzer Auto. Sys., Inc.*, 836 Fed. Appx. 422 (6th Cir. 2020)………………………………………………………………...............5

*Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 113, 152-152 (2000)……………………………………………………………………...7

*Stewart v. Kettering Health Network*, 576 F. App'x 518, 523 (6th Cir. 2014) …………………………………………………………………….7

*Turner v. McCullough-Hyde Mem. Hosp.*, 2021 U.S. App. LEXIS 24902, *31 (6th Cir. Aug. 18, 2021)..........................................................................8

*Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707-08 (6th Cir. 2006)......8

*Wright* v. *West,* 505 U.S. 277, 296, 120 L. Ed. 2d 225, 112 S. Ct. 2482 (1992)...........................................................................................................10

## ARGUMENT

### I. IDEMIA WAS NOT ENTITLED TO SUMMARY JUDGMENT

Idemia fails to demonstrate that, upon de novo review, the District Court was correct in its conclusion that, as the movant on its motion for summary judgment, Idemia met its burden of persuasion that Carroll's claims under the ADA and ADEA failed. The District Court improperly drew all inferences in Idemia's favor. It ignored facts showing that Carroll's change in job after notifying CEO Casey of his uptick in cancer treatments led to his ultimate termination and demonstrating that Idemia's excuses were pretext for unlawful discrimination, facts which also gave rise to Carroll's breach of contract claims. In its response, Idemia largely relies again on its own Statement of Facts which was heavily reliant on the Declaration of Mallen, all while being dismissive of Carroll's testimony and the documents and emails he used in support.

## A. Evidence of Pretext Demonstrated Idemia Violated the ADA and ADEA

Idemia misstates the record. First, it contends there were only three pieces of evidence demonstrating pretext and disability-based animus. (Appellee Br. p. 39). This is simply inaccurate. Carroll offered a dozen inconsistencies and statements that a reasonable jury could use to determine that the reason for his termination was due to his disability. (Appellant Br. p. 37-41). Further straining its credibility, Idemia makes additional mischaracterizations divorced from context that belong in front of a jury, for example:

- "Casey's testimony about MD Anderson and reference to 'serious cancer' related to Casey's own wife's battle with cancer, not Carroll's." (Appellee Br. p. 42). But see Casey's actual testimony:
    - Q: you stated a moment ago that you know what MD Anderson is. What do you know that it is?
    - A: MD Anderson, like Sloan Kettering is a leading Cancer Center. And the reason I know is I've been told, you know, was told by experts when I was researching my wife's situation but if you have serious cancer, you either go to MD Anderson or you go to Sloan Kettering

4

Casey Dep., RE 78-4, Page ID # 1318. To be sure, the context of this line of questioning was how Casey perceived Carroll's comment that even though he had just completed treatments in Germany, he was awaiting a consultation at MD Anderson. A reasonable jury could take Casey's perception of MD Anderson being a treatment facility for "serious cancer" as a bias that led him to believe that Carroll's cancer was now "serious." *See e.g. EEOC v. HP Pelzer Auto. Sys., Inc.*, No. 1:17-CV-31-TAV-CHS, 2020 WL 996453, at *6 (E.D. Tenn. Mar. 2, 2020) ("[W]here the defendant's decision was inevitably based on credibility determinations, the court determined that jury should decide the question of the defendant's honest belief . . . .") aff'd *EEOC v. HP Pelzer Auto. Sys., Inc.*, 836 Fed. Appx. 422 (6th Cir. 2020). Casey himself could not recall what Carroll was doing there and thus was unable to testify one way or another as to his perception of the significance of that comment at that time. (Casey Dep., RE 78-4, Page ID # 1319).

Another mischaracterization, Idemia claims that there was no evidence of Carroll's statement that "Delabriere made it clear that one of his objectives was to get Carroll to pass along as much of his institutional knowledge and contacts as soon as possible to a younger employee."

5

(Appellee Br. p. 45). Carroll cited an April 22, 2019, email from Delabriere that stated: "It is critical that he remains on board for passing on to Donnie and even more important Pierre the key contacts with the clients and support this transition with the clients." (Appellant Br. p. 38-39, citing Dep. Ex. 31, sealed RE 80-18, p. 6632).

Idemia then misstates critical timing, claiming Carroll did not tell Casey he intended to travel to Germany for experimental treatment until June 2019. (Appellee Br. p. 45). This is simply not accurate. Idemia's own production of Casey's text messages to Carroll on March 6, 2019 state:

> Charlie read your emails re TF after the call. Have reconsidered my decision. Given Live Nation, MetLife, the rest of TF and UES2 plus the rest of the business- **not to mention your upcoming trip to Germany and everything related to that**. I am going to ask Donnie to take the lead on what we discussed today. Just too much on your plate. Hope you agree or at least understand. Let's talk first thing in the morning. Ed

(Appellant Br. 39, citing Dep. Ex. 26, sealed RE 80-13, p. 496 (emphasis added). Not only is the timing crucial, *i.e.*, Carroll has discussions with Casey in March that he is going to Germany for treatment, but a little over a month later, on April 22, Casey and Delabriere are hatching plans to remove and replace Carroll after he passes on critical knowledge. (Dep. Ex. 26, sealed RE 80-13, p. 496; Dep. Ex. 31, sealed RE 80-18, p. 6632).

6

Idemia's mischaracterization of the record in this regard is critical, as was the District Court's dismissiveness as to how a reasonable jury could view these facts in light of Carroll's ultimate termination. Indeed, a reasonable jury could discern that these facts were prophetic of the steps Idemia took from June to July to retain Carroll, and then dismiss him months later seemingly without any documentation to support its reasons. (Carroll Dep., RE 78-1, Page ID # 1203, 1246; Casey Dep., RE 78-4, Page ID # 1334, 1347-1348. *See* Gregory Dep., RE 78-5, Page ID # 1374). *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 113, 155 (2000) (Ginsburg, J., concurring) (Where both the decisionmaker and the alleged source are employees of the defendant, a factfinder is not required to believe their accounts of what was said between them, even if those accounts are consistent, because the witnesses are interested parties); *Stewart v. Kettering Health Network*, 576 F. App'x 518, 523 (6th Cir. 2014) ("[T]he fact that neither doctor present at the time of the incident giving rise to plaintiff's termination saw fit to mention it in his contemporaneous notes undercuts the credibility of their subsequent declarations").

### B. The Honest Belief Rule Was Not Applicable

Idemia also improperly complains that "Idemia was forced to abandon the entire Trusted Fan business after [Carroll's] termination because it was an unfixable business model." (Appellee Br. p. 35). There was no evidence of this at the time of termination, which is the only relevant time frame. *Turner v. McCullough-Hyde Mem. Hosp.*, 2021 U.S. App. LEXIS 24902, *31 (6th Cir. Aug. 18, 2021)(citing *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707-08 (6th Cir. 2006)) (the employer must "establish its reasonable reliance on the particularized facts that were before it at the time the decision was made"); *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 286 (6th Cir. 2012) ("This court has adopted a modified honest belief rule, which provides that for an employer to avoid a finding that its claimed nondiscriminatory reason was pretextual, the employer must be able to establish its reasonable reliance on the particularized facts that were before it at the time the decision was made"). Thus, aside from the fact that a reasonable jury could find that TF's ultimate demise had nothing to do with Carroll, it could also conclude that, by removing Carroll, Idemia, not Carroll, shot itself in the foot. Either way, this was obviously not a reason for Carroll's termination as TF was shuttered in 2020, in part due to the COVID pandemic.

8

Regardless, it should not have been considered by the District Court in any scenario, much less had the undue emphasis placed squarely on Carroll's shoulders. Memo. Opinion, RE 92, Page ID # 1904, 1907 (referred to TF as a "fiasco" and a "failure," neither of which came to fruition until *after* Carroll was terminated in 2020); Scott Dep., RE 78-2 Page ID #1277 ("when COVID killed sporting events and concert venues and all other public gatherings, the concept of Trusted Fan had very little future"). *See Amos v. McNairy Cnty.*, 622 F. App'x 529, 540 (6th Cir. 2015) (any justification made after the fact "can create a genuine dispute of material fact on the issue of pretext").

Here, the dearth of "particularized facts" that were before Idemia when it made the decision to terminate Carroll dooms its assertion of the honest belief rule. There was **no** documentation of performance concerns, nor was Carroll told his job was in jeopardy prior to termination. Carroll Dep., RE 78-1, Page ID # 1203, 1246; Casey Dep., RE 78-4, Page ID # 1347-1348. *See* Gregory Dep., RE 78-5, Page ID # 1374. *See* Dep. Ex. 35, sealed RE 80-22, p. 1504; Dep. Ex. 36, sealed RE 80-23, p. 2393. On the contrary, other executives found that Carroll's numbers and business plan was solid. Kallelis Dep., sealed RE 80-2, pp. 17-20, 48. *See* Carroll

9

Dep., RE 78-1, Page ID # 1205; Brown Dep., RE 78-3, Page ID # 1297. This is supported by Casey's braggadocios remarks to Carroll that they were going to "drive change" insofar as it concerned Digital Labs' involvement in the TF project. Dep. Ex. 26, sealed RE 80-13, p. 480. *See Wright* v. *West,* 505 U.S. 277, 296, 120 L. Ed. 2d 225, 112 S. Ct. 2482 (1992)) ("In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt'"). Then, Idemia begs that the documentation and Carroll's testimony should be eschewed in favor of Mallen's declaration. As such, Idemia failed to carry its burden that it had "particularized facts" before it when it made the decision to terminate Carroll.

## CONCLUSION

Accordingly, because the totality of evidence supports that dismissal on Summary Judgment was unwarranted, the district court's judgment should be reversed and this case should be remanded and tried by a jury.

Respectfully submitted,

>*/s/ Heather Moore Collins*
>Heather Moore Collins
>Ashley Shoemaker Walter
>HMC CIVIL RIGHTS LAW, PLLC
>7000 Executive Centre Dr,
>Suite 320
>Brentwood, TN 37027
>(615) 724-1996
>heather@hmccivilrights.com
>ashley@hmccivilrights.com
>
>*Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE
# WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 28.1(e)(2)(B)(i) because the brief contains 1,705 words, as determined by the word-count function of Microsoft Word, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and this Court's Rule 32(b)(1).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Date: July 11, 2024   */s/ Heather Moore Collins*
Heather Moore Collins

## ADDENDUM

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| RE No. | Description of Document | Page ID # |
|---|---|---|
| 78-1 | 1/27/23 Deposition of Charles Carroll | 1203, 1205, 1246 |
| 78-2 | 2/1/23 Deposition of Donald Scott, Jr. | 1277 |
| 78-3 | 2/2/23 Deposition of Christopher Brown | 1297 |
| 78-4 | 2/6/23 Deposition of Edward Casey | 1318-1319, 1334, 1347-1348 |
| 78-5 | 2/7/23 Deposition of Karen Gregory | 1374 |
| 80-2 | [Sealed] 7/25/23 Attorneys Eyes Only Portion of Deposition of Dennis Kallelis | n/a |
| 80-13 | [Sealed] Deposition Exhibit 26 | n/a |
| 80-18 | [Sealed] Deposition Exhibit 31 | n/a |

| | | |
|---|---|---|
| 80-22 | [Sealed] Deposition Exhibit 35 | n/a |
| 80-23 | [Sealed] Deposition Exhibit 36 | n/a |
| 92 | Judgment Memo. Opinion | 1904, 1907 |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 11, 2024, I caused the foregoing brief and addendum to be filed electronically with the Court, where they are available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service. I certify that all parties required to be served have been served.

*/s/ Heather Moore Collins*
Heather Moore Collins